Cantrell vs. Adderholt.

Doyal & Nolan, for plaintiff in error.

Clark & Lamar, *contra.*

## CANTRELL *vs.* ADDERHOLT.

If stock be destroyed on *uninclosed* river bottom lands, the trespasser is liable to the owner of the cattle or hogs for the injury; and it is immaterial whether the injury be inflicted by the master, or his slaves.

Trespass, in Campbell superior court. Tried before Judge HAMMOND, at September Term, 1858.

This was an action of trespass brought by Adderholt against Cantrell, for killing plaintiff's hogs.

It appeared on the trial, that plaintiff and defendant had farms on opposite sides of the Chattahoochee river, in the county of Campbell—that next to the river there was no fence around the fields, and plaintiff's hogs would swim across the river from his field into defendant's field on the opposite side, and eat and destroy his corn, &c., then growing or ungathered. Defendant's negroes would drive them out, and in doing so, killed a good many— this occurred frequently; and not only defendant but other persons on the same side of the river with him, were much annoyed and injured in the same way by plaintiff's hogs.

After the testimony on both sides had closed, the court charged the jury, that the defendant was not liable for the killing of the hogs by his negroes, unless he had ordered them to do so, or unless they, in the execution of his orders, acted so negligently as to kill them. That if it was the voluntary act of the negroes unauthorized by their master, he was not liable.

The jury found for the plaintiff forty dollars. Whereupon defendant moved for a new trial upon the following grounds:

1. Because the verdict was contrary to the charge of the court.

2. Because the verdict was contrary to law, and the evidence, and without evidence and against the right of evidence.

3. Because the court failed to charge the jury, that if the plaintiff had notice that his hogs were injuring defendant's property, and that from the act of God, or other

Cantrell vs. Adderholt.

unavoidable cause, it was impossible to fence against them, except at an unreasonable expense to defendant, then it was plaintiff's duty to pen his hogs, and if he failed to do so, defendant had a right, if necessary to save or protect his property, to kill them.

4. Because the court omitted to charge the jury that if they believed from the evidence that plaintiff's hogs were mischievous and he knew it, then it was his duty to have kept them up at such seasons as they could do damage to the neighboring plantations; and if permitted to run at large, and they were killed in order to prevent them from seriously injuring the property of another, that he was not entitled to recover for such killing.

The court refused to grant a new trial, and defendant excepted.

TIDWELL & WOOTTON, for plaintiff in error.

TUGGLE & BUTT, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The act of 1759, (Cobb, 18,) for better regulating fences in the province of Georgia, and which remains in full force to this date, is too plain and imperative to admit of doubt or tolerate evasion. The fence therein required to be erected, applies to "any garden, orchard, rice ground, indigo field, plantation or settlement;" and there is no exception in favor of river-bottom lands or any other. We dare not make any.

The act further provides that if any damage shall be committed by stock on grounds not thus enclosed, the owner shall not be liable therefor; and on the other hand, if any person shall kill, maim, hurt or destroy, any stock breaking into grounds not fenced as the law prescribes, or cause the same to be done, the person so offending shall answer and make good the injuries to the owner.

16

As to the doctrine contended for, that the master is not liable for the trespass of his slaves, it was submitted so fully to the jury in behalf of the defendant that he cannot complain. For ourselves, we do not doubt but that he is responsible for such an injury as this. It may be much more expensive and troublesome to enclose river bottom lands than others. Still, it is not impossible. But whether it be or not, absolution must come from the other departments of the government. The courts have no power to dispense it.

Judgment affirmed.